# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60528
Summary Calendar

———————

Amparo De Los Angeles Alvarez; Brayan Orlando Reyes-Alvarez; Jenifer Estefany Reyes-Alvarez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 624 239,
A206 624 240, A206 624 241

———————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

    Amparo De Los Angeles Alvarez and her children, Brayan Orlando Reyes-Alvarez and Jenifer Estefany Reyes-Alvarez, petition for review of the Board of Immigration Appeals's decision dismissing their appeal from the Immigration Judge's denial of De Los Angeles Alvarez's application for

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60528

asylum and withholding of removal. Brayan and Jenifer are derivatives of their mother's application for relief.

We review findings of fact, including the denial of asylum and withholding of removal, under the substantial evidence standard. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Conclusions of law are reviewed de novo. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

Substantial evidence supports the BIA's holding that De Los Angeles Alvarez's proposed particular social group of "young women in El Salvador who cannot escape sexual abuse by criminal groups" is not cognizable because it is impermissibly defined by the harm. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021) (holding that a PSG "must exist independent of the persecution claimed"); *Gonzales-Veliz*, 938 F.3d at 232 (holding that PSG of "Honduran women unable to leave their relationship" does not exist independently of the harm). De Los Angeles Alvarez's failure to show a cognizable PSG is dispositive of her asylum and withholding of removal claims. *See id.* at 224. We have expressly rejected Salazar's second issue on review that a notice to appear without a date and time of the removal hearing is defective outside of the in-absentia or stop-time rule context. *See Garcia v. Garland*, 28 F.4th 644, 646-48 (5th Cir. 2022).

Accordingly, the petition for review is DENIED.